First case on a call this morning is agenda number 16, number 106612 Suzanne Gulla v. Knobias. Council may proceed. May it please the Court, Mr. Pohl. Your Honors, my name is Michael Dainian and I represent the appellant Knobias, Incorporated. Since the trial court, excuse me, since the trial court did not have jurisdiction over Knobias, an out-of-state employer in contact with Illinois, this honorable court is asked to reverse the decision of the appellate court. Knobias did not waive the issue of jurisdiction of the trial court over Knobias. The issue of lack of jurisdiction was raised on December 4th of 2006. In the response of Knobias to the petition for rule to show cause filed by the obligee Gulla, and which was mailed to Knobias. The response in that, there was a motion in that response to dismiss the petition for rule to show cause for lack of jurisdiction of the trial court. The motion was heard on December 15th and at that time the trial court had before it the motion of Knobias to dismiss the petition for rule to show cause for lack of jurisdiction. The court also had the petition for rule to show cause which was filed by the obligee Gulla. And in that petition for rule to show cause, the obligee Gulla did not meet her burden of a prima facie case, a prima facie basis to establish exercising jurisdiction of the trial court over Knobias. That burden was on the petitioner, namely obligee Gulla. And it was apparent from the record that there was no dispute that Knobias had no contact with Illinois. It was also apparent from the record that Knobias was an out of state employer. Mr. Danian? Yes, your honor. Are you confusing traditional notions of jurisdiction with jurisdiction for purposes of collecting child support? Am I confusing what, your honor? Traditional notions of jurisdiction with jurisdiction as it relates to collecting child support. I mean, the point of interstate child support statutes is to allow for an expedite enforcement of child support orders across state borders, right? That's correct, your honor. So do the same traditional notions of jurisdiction apply to child support? Yes, it does, your honor. Okay. You can proceed. Further, your honor, the trial court in its order did not indicate that there was any contact of Knobias with the state of Illinois. The issue, again, was raised in motions of the appellant on March 14th and on March 26th. And finally, the trial court, in effect, in its final order, March 26th of 2007, reaffirmed its original finding that it had jurisdiction over a trial court. Now, your honors, jurisdiction is a matter of law and reviewable by this court de novo. Before the court were documents, and the trial court based its decision on jurisdiction only on documents. And it had before it, as I indicated, the motion of Knobias to dismiss. It had the petition for a rule to show cause where the burden was not met to establish a final implication basis for the trial court to exercise jurisdiction and the record. And, your honor, this court may review the issue of jurisdiction as a matter of public importance in order to obtain a just result and on the merits of the appeal. Knobias did not waive the issue of lack of jurisdiction of the trial court and preserved it in the issue of notice of appeal, wherein all the orders based on a December 15th, or which followed the December 15th, 2006 orders, were in a trial court and said it had jurisdiction over Knobias and up to the final order of March 26th, 2007, were appealed. Your honors, when the notice of withhold income and the uniform order of support were mailed to Knobias, pursuant to the Illinois Uniform Interstate Family Support Act, Section 2820G, that did not confer jurisdiction on Knobias. When Knobias received the notice and the income withholding order in Mississippi, it became subject to Section 9325.69.2 of the Mississippi Code. And what that says to Knobias, a Mississippi employer, you are to treat that withholding order and the notice that you received as if it was issued by a court in Mississippi. When was the first time, Mr. Danian, that you contested jurisdiction? First time was in the, well, I raised it in the notice of appeal, your honor, and then I raised it in my brief before the appellate court, and again, I'm raising it now. And I don't believe that can be waived. I know there's a waiver argument here. Correct. But if you could address the amicus brief that indicates that Knobias had the burden to present this court with a complete record with regard to the hearings on jurisdiction. So I'm differentiating between there can be a waiver of jurisdiction. I think case law is pretty clear that courts have a duty to make sure they have jurisdiction, but what are we going to review if indeed opposing counsel is correct, that you didn't raise it in your motion to reconsider, it's not in, there's no report of proceedings or bystanders report of the hearing on any objection to jurisdiction. What do we have to review here in determining if we agree with you that traditional notions of jurisdiction apply? Thank you, your honor. You have the December 4th, 2006 response of Knobias to the petition for rule to show cause in which Knobias made the motion to dismiss the petition for rule to show cause for lack of jurisdiction to the trial court. That's one document you have that's in the record, your honor. The other document that's in the record is the petition for rule to show cause which was filed by the petitioner Obligee Gula in which I'm arguing, your honor, that case law required Obligee Gula at the time that that petition was prepared to present a prima facie basis for the trial court to exercise jurisdiction. That document is before you. And also before you, your honors, is the notice to withhold income for, yeah, notice to withhold income for support which is relevant because there are certain questions that had to be answered on that notice in order to enable Knobias to comply with the order that was sent to it. And, of course, the record, your honor, is available before it. So those are the documents that are available before this court to review. And, your honor, it's my understanding, according to case law, that this court may review those documents and because jurisdiction is a matter of law, it can make a decision accordingly. Your honor, I hope that answers your question. Your honor, so that, now, the, the, okay, as I indicated, your honor, the appellate court said that section, or that 42 of the United States Code, section 666A, 9B, and the Mississippi Code sections 93, 25, 69, 2, and 93, 25, 67, the appellate court's interpretation of those statutes led the appellate court to decide that the trial court had jurisdiction. I respectfully suggest that the interpretation of Knobias differs from that interpretation. And for these reasons, section 666A of the Title 42, and, incidentally, Title 42 is entitled Public Health and Welfare. Section A, part of it, is entitled Types of Procedures Required and states therein that in order to, those procedures have to be in state laws in order to satisfy section 65420A of Title 42. In order to enable the states to get federal funding for support of their child support enforcement laws of the state. Purpose being to increase the effectiveness of the programs which the states administer. Now, in particular, 9B, which the appellate court cited, is a full faith and credit clause. It says to give full faith and credit to these child support orders. The state must do that. And I respectfully suggest that 93, 25, 69, 2 does that, in fact, in the Mississippi Code. It says that, in effect, that the out-of-state employer, in this case Mississippi, Knobias, is to treat that order as if it was issued by a Mississippi court. That's full faith and credit. And further, so Knobias became subject to the Mississippi law. And for failure to comply with that section 93, 25, 69, 2, it was subject to penalty according to Mississippi law in section 93, 25-75. So, your honors, and the comparable provisions in the Illinois Uniform Interstate Family Support Act. Act R, 750 Illinois Compiled Statutes 22-502B, which says, in effect, that an order coming to an employer in Illinois, Illinois employer is to treat that income withholding order as if it was issued by an Illinois court. And a failure to comply with that order subjects it to Illinois section 750-2835A, wherein the penalties of Illinois are imposed on that Illinois employer. I believe that the interpretation that Knobias has given to these sections is supported by 28 United States Code 1738B, parenthesis C, and in Illinois, even in Illinois 22-201A, 8, where the court lists the factors that enable an Illinois employer to be subject to penalty. And in fact, the Illinois court to take jurisdiction over a non-resident employer. And paragraph 8, in effect, is saying that whatever it is, it has to be consistent with the United States and Illinois constitutions. And I'm submitting that what happened here was not consistent with the United States constitution nor the Illinois constitution. Now, more particularly, 28 United States Code Annotated 1738B, small c, is entitled Requirements of Child Support Orders, wherein 1B requires that the court have personal jurisdiction over the contestants, which is defined in subparagraph A as to mean a person who is under a child support order. In this case, Knobias was under a child support order when that uniform order from Illinois was sent to it. And again, to repeat, section 22-201A of the Illinois code says the basis for jurisdiction over non-residents in a proceeding to enforce child support orders in a state since paragraph 8, there is any other basis consistent with the constitutions of the state and the United States for the exercise of personal jurisdiction. Now, the trial court, excuse me, the appellate court rejected Knobias' argument because it had no contact with Illinois. The trial court had jurisdiction and then proceeded to cite the section 666A of Title 42 and then the Mississippi Code section 69-2 and 67. Now, Your Honors, the interpretation of the appellate court of these sections I submit creates a conflict with the, not only with the United States Code 1738B, which I just read, which said you'd have to have personal jurisdiction, but also with the Illinois provisions, 22-201A, as well as, Your Honor, the Illinois long-arm statute, the due process clause of the 14th Amendment, and then the United States Constitution. Now, I believe that the appellate court, in making that, in making that interpretation that the trial court had jurisdiction based on those sections, reasonably inferred that the Constitution, 14th Amendment clause, international shoe, and the Illinois long-arm statute were not relevant, that they were not the relevant determinants of the issue of jurisdiction. And so I submit that those are the relevant considerations, namely the Illinois long-arm statute, the due process clause of the 14th Amendment to the United States Constitution, and the United States Supreme Court case of international shoe. Now, the withholding order and the notice that were sent to Nobius were defective. The order was defective because it asked Nobius to withhold $3,000 when the net income of the employee with Nobius was only $2,244.16. Further, the notice that was sent did not have answers to questions which would enable Nobius to determine and comply with federal and Mississippi law as to whether to hold 50%, 55%, 60%, or 65%. So Nobius was confronted with a withholding order that it could not comply with. There could be no failure to withhold, because what was to be withheld? There wasn't sufficient information to withhold. And further, Your Honor, Nobius had no control over this, control over the, as to whether or not you withhold, and the penalty application was a factor that this court mentioned in its court, in its case in Miller. And, of course, it was also mentioned in Chen. Well, the, Nobius had no control over what to do. It could not comply with something, it could not comply with a void order. That is, in a sense, what happened here. And the fact that 50% was used in the decision of the appellate court, I'm sorry, in the decision of the trial court as to what was in held, what should have been held, that was a misplaced order. That was a misplaced figure that the trial court relied on, because that was just the amount that was withheld after Nobius received the petition for rule to show cause. And in an effort to make a good faith effort at complying, it decided, well, maybe I should hold 50%. And so that's what that is. But that's not significant in that sense. So there was a, so, again, Nobius cannot comply with an order that's void ab initio. It did not know how much to withhold. It can't change an order of a court. It has no authority to change a court order. And it didn't have the information to do something in order to comply with the federal statutes and the state statute that says hold either 50%, 55%, 60%, or 65%, depending on the yes or no answers to those questions, which were, is the employee more than 12 weeks in arrears, and does the employee, is he supporting other dependents? Those are critical answers that were needed in order for Nobius to answer the question. And then further, that notice that was sent was talking about Illinois law when, in fact, Nobius was subject to Mississippi law. Because, as I said, when that order came in, 93-25-69-2 applied, and for failure to comply, 93-25-75 applied. Now, the imposition of the penalty here was unconstitutional because the federal court had no authority to do that. It was unconstitutional in the federal jurisdiction. However, if Your Honor, however, for reasons as to whether or not the conduct of Nobius was egregious and all of that will be addressed only for the purpose of showing whether or not the penalty 28-35 should have been employed. However, if it were, in a case like, in a case where an employer was, excuse me, in a case where, let's say the trial court had jurisdiction over an employer, and it imposed the penalties of 28-35A, should that be applied? I mean, I would answer that, because in this case I'm not conceding the fact that there was jurisdiction, so it would not apply. An employer in that situation would not have any control, as this court said in Miller and as was also said in Chen. And, of course, Chen is distinguishable from this case because there was no out-of-state employer in Chen. It was an employer. As a matter of fact, Your Honors, I believe this is a case of first impression because there is no, I could not find any cases either in Illinois or in any other jurisdiction to the best of my ability which said that, which addressed the issue specifically of an out-of-state employer in this situation. Counsel, your time is up. Thank you, Your Honors. May it please the Court, Mr. Danian. Good morning. My name is Joseph Pohl, and I represent Suzanne Gula, the appellee. I believe there are two issues presented before the Court in today's argument. Number one is whether the trial court had before it a motion containing any allegations of fact or whether any facts were presented in the trial court which would support a claim that the court lacked jurisdiction over the Appellant Nobius Incorporated. And secondly, in its brief, Nobius raises the issue of whether the statutory penalty of $100 per day for Nobius's Knowing Compliance with Withholding Act was unconstitutional. Section 52301 of the Illinois Code of Civil Procedure provides that a party may object to the court's jurisdiction over the party's person either on the grounds that it is not amenable to process of court in this state or on the grounds of insufficiency of property rights. Section 52301 of the Illinois Code of Civil Procedure provides that a party may object to the court's jurisdiction over the party's person either on the grounds that it is not amenable to process or insufficiency of service by filing a motion to dismiss or motion to quash. Section 2301 further provides that unless the facts that constitute the basis for the objection are apparent from papers already on file in the case, the motion must be supported by an affidavit setting forth those facts. Finally, Section 2301 provides that error in ruling against the objecting party on the objection is waived if the objection is denied. Section 2301 of the Illinois Code of Civil Procedure provides that the party takes further part in the proceedings unless the objection is on the grounds that the party is not amenable to process of this state. The only document filed in the trial court by Nobius which in any way alluded to the issue of jurisdiction was Nobius's original response filed on December 4, 2006. The response recites a portion of Section 2301 of the code and then simply makes the basis for the objection. Section 2301 of the Illinois Code of Civil Procedure provides that if the party is not amenable to process or motion to quash a motion to dismiss or motion to quash a petition for rule to show cause, the party is not amenable to process or motion to quash a petition for rule to show cause. Nobius's response is not supported by an affidavit or even verified. The trial court ruled on Nobius's response on December 15, 2006 and in that order found that the court had jurisdiction over Nobius. The trial court then issued the rule to show cause and set it for hearing on a future date. Nobius's response containing its only arguable objection to jurisdiction in the trial court, number one, as I stated, does not constitute a motion and it doesn't set forth any facts upon which relief can be requested. And by not filing effectively a motion, there is no issue of jurisdiction before this court. And it was not raised in the proper manner in the trial court and therefore cannot be raised on appeal. Second, Nobius's objection did not specify... Counsel, so your waiver argument goes to the fact that since there wasn't a motion that Nobius has now submitted to the jurisdiction of the court and has waived the proper forum or presentation to contest jurisdiction. I think there are perhaps two waiver arguments here. Number one, there are three areas in which a party can object to personal jurisdiction under 2301. I think that, I don't think there's any question, but that Nobius waived service of process and insufficiency of process by proceeding further in the case. I don't believe that Nobius, by proceeding further in the case, waived an argument that it wasn't amenable, the process of this state. But I do believe that Section 2301 is clear how Nobius would need to raise that objection and I believe Nobius did not do so. It did not later raise it in its motion to reconsider and for a new trial. And therefore, I think it's not an issue which the appellate court can address for the first time. As I said, Nobius did not specify whether it was objecting on the basis of service of process, on insufficiency of process, or on the basis that it was not amenable to process of this state. Third, the objection was not supported by an affidavit setting forth any facts and no facts which could constitute a basis for the objection were evident from papers already on file in the case. Finally, there is no court-reported record of the hearing, no bystander's report was submitted, and there's no record whatsoever but for the written order, the one-page written order of the trial court of December 15, 2006. In that order, the trial court found that it had jurisdiction over Nobius. The findings of fact of the trial court are not to be disturbed unless they are against the manifest weight of the evidence. And I submit that there's no ability for this court to review those findings of fact given the state of the record. Nobius did file a motion to reconsider on February 15, 2007 in the trial court and nowhere in that motion to reconsider does Nobius raise any issue of jurisdiction. In sum and substance, there is no evidence that Nobius is an out-of-state employer. In fact, the trial court inherently found to the contrary, and therefore there's no issue of jurisdiction in this case. The second issue raised in Nobius' brief is the constitutionality of the fine. This court directly dealt with that issue in the case of In re the Marriage of Miller decided about one year ago. In the Miller case, this court held that a statutory penalty against an employer for violating the Withholding Act in the amount of $1,172,100 did not violate the employer's substantive due process rights. In this case, the statutory penalty is $369,000. In Miller, the court espoused certain principles, including that all statutes carry a strong presumption of constitutionality and a reviewing court is to resolve all doubts in favor of constitutional validity. In this case, Nobius bears the burden of rebutting the strong presumption of constitutionality by clearly demonstrating the statute's The test to be applied is the rational basis test, under which the statute need only bear a reasonable relationship to a legitimate state interest. In applying this test, we look to the state's legitimate interest in determining whether the $100 per day penalty rationally advances that interest. This court in the Miller case, citing the Shepard case, stated that it is difficult to imagine a more compelling state interest than the needs of the custodial parents and their children for swift establishment and rapid enforcement of support obligations is obvious. In this case, Nobius violated the Withholding Act 3,690 times. The notice to withhold income for support was sent by certified mail return receipt requested. There is no question but that it was properly received. The notice complies with the Withholding Act and that it informed Nobius of its obligations to withhold. Further, the notice explained that if the amount to be withheld exceeded the amount by law in its employee state, the Nobius should only withhold the amount allowed by its employee state. In this case, Nobius was completely in control of the amount of the penalty. Nobius refused to withhold, claiming that its refusal was based on the representation of its employee's attorney. However, when questioned at the hearing, Nobius's representative acknowledged that Nobius had received the notice and had never received an order modifying, vacating, or terminating the notice to withhold. The $100 a day penalty was based on 15 separate pay periods from which Nobius failed to withhold. The statute raises a presumption if there is a second failure to withhold. Clearly, that presumption was invoked in this case. While Nobius later withheld some amounts from later paychecks of Mr. Cannaval, Nobius did not and has still not paid over the original amount which the court found it should have but did not withhold, some $7,854.56. Nobius also, for the first time on appeal, raises the issue of the effect of its fine on its own financial well-being. I note Nobius offered no evidence to support this argument at the trial level. This court in the Miller case addressed this issue head-on. As this court stated in the Miller case, our lawmakers are under no obligation to make unlawful conduct affordable, particularly where multiple statutory violations are at issue. Nobius knowingly refused to comply with the statute 3,690 times and created its own penalty of $369,000. For the foregoing reasons, I ask this court to affirm the opinion of the Second District Appellate Court and to affirm the order of the Circuit Court. They raised this one section in the Mississippi Code, it's 93-2579. And it appears, at least based on reading this, that their argument, although he didn't mention it today, is that Mississippi may obtain or impose these obligations on Mississippi employers to comply with out-of-state orders. But once it's to be enforced, you have to do it under the Mississippi law, just like you would register an out-of-state court order, register it in Illinois and enforce it in Illinois against an Illinois employer. Yes, Your Honor. That argument presupposes that Nobius is a Mississippi corporation and not subject to the jurisdiction of the State of Illinois. That was not the case as found by the trial court. That argument presupposes out-of-state employers. I'm taking the position that the trial court did not find, to the contrary, despite Nobius having every opportunity to present any evidence it had as to that issue. The order of support that was bailed out, it's in the record? Does it identify the name and address of the employer? It does. And the address it was sent to was Mississippi. As the Attorney General in his amicus brief pointed out, a corporation can be subject to the jurisdictions of several states. And I think that may well be the case here.  Your Honor, the burden was on the obligee Gula here to present a prima facie case of establishing that the trial court had jurisdiction. That burden was not met. There was sufficient information raised by the appellant Nobius. First of all, there was an out-of-state employer. And so as to require the obligee in this case, as in all cases, to bear the burden in their petition to show that the court has jurisdiction over an out-of-state corporation. That was not done. Your Honor. You could acquiesce to the jurisdiction of the court, though, right? I'm sorry, Your Honor. You could acquiesce to the jurisdiction of the court by not objecting. I think that one of counsel's points was that a proper motion wasn't brought contesting jurisdiction over the corporation. And I think that that motion was brought before the trial court. And it was brought in that manner. And as I indicated, the record, apparent from the record, Your Honor, was the fact that it was mailed to an out-of-state employer. And also apparent from the record is that the notice did not have the information and that that was rejected. It was required for an obvious to determine whether to withhold 50 percent, 55, 60 or 65. And the withholding order itself called for $3,000 to be withheld when the employer was only earning $2,244.16. As I indicated, how can an employer be in compliance with something that it cannot comply with? So it could not withhold anything. So it did not fail to withhold anything. And so therefore it was not in violation of any court order. It was in a confused state. It attempted to comply by withholding 50 percent. That didn't make it right. It just was a reaction to a situation that it had to act. And, Your Honor, the United States Supreme Court case of Kramer that says that the traditional rule that there must be personal jurisdiction is still valid. And with respect to the application of the, of the, of the, of the, of the, of the, of the, of the, of the, of the, of the, of the, of the, of section, well, as I said, since the trial court did not have jurisdiction over, obviously it couldn't apply. However, if there was a situation where the trial court did have jurisdiction over an employer, again, I believe that that statute would be unconstitutional because the trial, the appellate court in Chen relied on the, the case of Williams, St. Louis, I forget the full citation, but it was Williams. And the point I want to make there, Your Honor, is that the Williams, in the Williams Supreme Court case dating back quite a few years, there were limits on the penalty. There's a limit of $50 or $300, and the fine assessed was $75, so it was within the limits. Thirty-five, 2835A has no limits. So I think that's a relevant consideration here with respect to the application, because this Court said in Miller the application was appropriate because of the egregiousness of the conduct of Miller. It was a two-and-a-half-year period where it was fighting over whether or not it should withhold an amount that was valid, that was within the ability of the employee to pay. In this case, it's $3,000, and he can't comply with that. And he can't amend it, he can't. What should have been done was the employer or the employee could have, in Mississippi, pursuant to Section 932577, objected to that order. And Mr. Danian, just quickly, what's wrong with the trial court's analysis that indicated that the U.S. Code requires that each state grant full faith and credit to the child support withholding procedures of any other state? And based on that provision, found that there was jurisdiction over Nobis? Because that's full faith and credit, Your Honor, and full faith and credit is not jurisdiction, given 28 United States Code 1738B and the Illinois long-arm withholding statute. And I might point out, Your Honor, that I know the basis on which the trial court made its decision. However, it's not in the record, so it's not appropriate for me to comment on it unless, Your Honor, you wish to know the basis on which the trial court actually made its decision. If it pleases the Court, may I point out the basis on which the trial court made its decision? It's not in the record? It's not a record, Your Honor. I'm afraid not. So, Your Honor, I'm sorry, Your Honor. I didn't say anything. You might have seen the bubble above my head that I'm dying to know, right? But I didn't say anything. Justice Fitzgerald, I can't answer that question? No, sir, you cannot answer. Pardon me? No, you can't make reference to the subject. It's not in the record. So, again, this was an order that could not be complied with, and it was an order over which the appellant had no control, as the two factors that were relevant in this case, I believe. So, Your Honor, I respectfully ask that under those circumstances this Court reverse the decision of the appellant court. Thank you.